IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WILLIE WASH                                                                                                  PLAINTIFF

v.                                                                                              No. 3:14CV54-SA-DAS

SHERIFF BILL RASCO, ET AL.                                                                         DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Willie Wash, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Discussion**

Wash, who was confined as a pretrial detainee in the DeSoto County Detention Center at the time in question, alleges various constitutional violations, including denial of medical care and general conditions of confinement. He requests as relief: (1) that the defendants begin issuing sheets for inmates' mattresses, (2) that only medical personnel make medical determinations regarding inmates, (3) that someone trained in the law assist inmates with their legal issues – and that the inmates have access to the Mississippi Litigation Manual, (4) that diabetic inmates be given snacks between meals, and (5) that the jail be evaluated by the health department. Wash has thus requested only injunctive relief. He has since been convicted for shoplifting and is currently serving his sentence at the Central Mississippi Correctional Facility in Pearl, Mississippi.

**Injunctive Relief**

Once an inmate is moved away from the facility from which his complaints arise, his requests for injunctive relief become moot. *Herman v. Holliday*, 238 F.3d 660 (5th Cir. 2001). That is what has happened in the present case. Wash recites a litany of complaints against the defendants in this case,

but he seeks only injunctive relief. As Wash seeks only injunctive relief in this case, it must be dismissed as moot.

## Previous Sanctions Imposed Upon Wash

Wash included a paper copy of the docket from federal prisoner litigation he filed in Tennessee. The court noticed that, in docket entry 17 of *Wash v. Gilles, et al.*, 2:98CV2778-BBD (W.D. Tenn.), the United States District Court for the Western District of Tennessee imposed a significant sanction upon Wash. Because of Wash's myriad relentless, voluminous, nonsensical, and frivolous filings, our sister court restricted Wash's ability to file cases in the following manner:

(1) The Clerk of the Court may not place on the docket documents in any case without an order from the court, except a one-page notice of appeal in the present case;

(2) Wash may not file any new cases without permission from the court;

(3) Wash may not submit any new cases except by using the proper form from the court;

(4) Wash may not attach any documents of his own making to the forms from the court, though he may attach exhibits he did not prepare, such as copies of grievances or disciplinary proceedings; and

(5) Should Wash attempt to submit documents to the court in violation of this order, they will be returned to him, unfiled

The Western District of Tennessee imposed other restrictions, but those were limited to cases previously filed in that court.

Given Wash's extensive history of frivolous filings in Tennessee, this court will reciprocate the sanctions imposed there, as outlined above. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 28th day of May, 2014.

                                           /s/ Sharion Aycock
                                           **U.S. DISTRICT JUDGE**